UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



UNIVERSAL PROTECTION SERVICE, LP §
§
Plaintiff, §
§
v. § 2:16-CV-00097
§
MARK THORNBURG, §
MIKE WEATHERL, and §
AGTAC SERVICES, LLC, §
§
Defendants. §

## ORDER AND RECOMMENDATION TO ISSUE TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's May 19, 2016 Emergency Motion for Temporary Restraining Order [Dkt. 4] which was referred to the undersigned on May 19, 2016 [Dkt. 9]. Hearing was held Thursday, May 26, 2016 at which lead counsel, Mr. Kevin Cloutier, appeared for plaintiff; lead counsel, Mr. Robert Evnen, appeared for defendants AgTac Services, LLC and Mike Weatherl; and lead counsel, Mr. Wade Arnold, appeared for defendant Mark Thornburg. Local Counsel for plaintiff Ms. Allison Davis and Local Counsel Mr. Matthew Sherwood for defendants Mike Weatherl and AgTac Services, LLC, were also present.

Based upon proffers, affidavits and the pleadings on file, it appears plaintiff Universal Protection Service, LP (UPS) acquired the security business, including assets, of ABM Onsite Services, Inc. (ABM) on or about October of 2015. At that time, ABM provided security for the JBS USA beef processing facility in Dumas, Texas, also referred to as JBS-Cactus. In January of 2016, plaintiff UPS began to provide security for the JBS-Cactus facility.

Defendant Mark Thornburg (Thornburg) had worked for ABM at the JBS-Cactus facility as Director of Security prior to and when the UPS acquisition occurred. Post-acquisition, Thornburg

electronically agreed to certain terms of continued employment, including a non-compete agreement. Thornburg almost immediately objected to or rescinded the non-compete portion of the agreement and UPS removed a non-compete clause of the employment agreement and, on January 22, 2016, Thornburg executed an employment and non-solicit agreement (Second Agreement). Plaintiff UPS contends this Second Agreement is in effect.

In April of 2016, JBS-Cactus began efforts to evaluate its contract with UPS and ultimately terminated its relationship with UPS effective May 23, 2016. JBS-Cactus had hired AgTac Services, LLC (AgTac) to begin providing security services. Although Mr. Thornburg was in contact with defendant Weatherl and AgTac in early 2016, defendants contend he was not placed in his role as Director of Security as an employee of AgTac until after UPS terminated Thornburg's employment on or about May 17, 2016.

Plaintiff UPS alleges defendant Thornburg, AgTac and Mike Weatherl (Weatherl), acting by and through Thornburg, acted contrary to UPS's interests and acted in violation of Thornburg's employment agreement with UPS. Specifically, UPS alleges Thornburg began soliciting JBS-Cactus as a customer for AgTac prior to May 17, 2016 and did so while employed by UPS.

Plaintiff submitted affidavit evidence showing Thornburg had access to confidential information of UPS while employed by UPS and that such information is protected by Texas and/or Federal law and constitutes trade secrets. Plaintiff alleges Thornburg had regular access to a "Win Team" database which contained protected information. Plaintiff contends Thornburg used this confidential information to the detriment of UPS in order to obtain the JBS-Cactus account for AgTac. By doing so, plaintiff contends Thornburg breached his contractual obligations to UPS and alleges AgTac and Weatherl aided Thornburg or benefitted from Thornburg's use of UPS's proprietary information and/or trade secrets.

Defendants have submitted affidavits of Mr. Thornburg and Mr. Weatherl and dispute plaintiff's allegations of theft of trade secrets and breach of the employment agreement. Plaintiff objects to the presentation of those affidavits based upon defendants not having submitted them prior to the hearing.

Based upon the Court's consideration of plaintiff's affidavits and those parts of defendant's affidavits which do not appear to be in controversy, the undersigned finds a sufficient showing has been made that:

1. Defendant Thornburg was employed by plaintiff Universal Protection Service, LP;

2. While employed defendant Thornburg had access to information which UPS considers to be confidential or trade secrets;

3. JBS-Cactus terminated its relationship with plaintiff and began its relationship with AgTac while Thornburg was employed by plaintiff and was associated with AgTac at the same time; and

4. Defendant Thornburg was terminated by plaintiff on May 17, 2016 and the JBS-Cactus contract with AgTac became effective May 23, 2016. It is not clear when AgTac physically took over at JBS-Cactus. The Weatherl affidavit states AgTac took over five days prior to May 23, 2016.

The undersigned finds that:

1. The injunctive relief recommended and as is set out below enjoins defendant Thornburg individually and/or as agent for AgTac from soliciting present UPS customers and from using any confidential information or trade secrets he possesses. At the hearing defendant Thornburg's position was that he had no confidential or trade secret knowledge and therefore could not use such, and the non-solicitation requirement would not negatively affect him.

2. The injunctive relief recommended does not appear to restrain defendants any more than they are restrained by the Nebraska TRO, except to the extent each TRO governs some different parties.

3. While monetary damages alone might be a sufficient remedy with respect to the JBS-Cactus facility, monetary damages would not be sufficient if there is

a much wider solicitation of UPS customers, using persons who are prohibited from such or who have possession of UPS trade secrets.

Based upon all of the above, as well as the proffers and affidavits attached to the pleadings or submitted to the Court on May 26, 2016, the undersigned recommends that from the date of the entry of any TRO forward, defendants Mark Thornburg, Mike Weatherl and AgTac Services, LLC should be enjoined as follows:

1. No Defendant shall disclose to third parties or use: (a) pricing or margin information; (b) customer lists in document form or in the form of electronic media; or (c) sales materials in document form or in the form of electronic media, *if* the foregoing was obtained by Mark Thornburg in the course of his employment with Universal Protection Service, LP or the related entity known as ABM;

2. Mark Thornburg shall not solicit or attempt to solicit, on behalf of any person or entity, business from any Universal Protection Service, LP customers or clients whose identity, goals, needs, preferences, employees or plans that they became aware of or familiar with, directly or indirectly, as a result of providing services to UPS or the related entity known as ABM;

3. Mark Thornburg shall not solicit or attempt to solicit, on behalf of any person or entity, any current Universal Protection Service, LP employees with whom he had contact or developed a professional relationship during their employment with UPS or the related entity known as ABM;

4. The provisions of this Order are binding upon AgTac Services, LLC and its principals, owners, agents, servants and employees;

5. This Order shall remain in full force until altered, amended or vacated by the Court;

6. By a date to be set by the Court, Universal Protection Service, LP shall file a bond, with good and sufficient surety, in the sum of Fifty Thousand dollars or such other undertaking as is acceptable to the Defendants.[1]

---

[1]Following the hearing the undersigned instructed plaintiff to provide a draft of language to be included in any TRO the undersigned might recommend be entered, but instructed that plaintiff furnish a copy of such to counsel for defendants so they could notify the Court of any particular language they objected to. That procedure has proved not to be effective. To specifically address the objections which have been informally submitted would delay the entry of this recommendation unnecessarily. The Court, however, attempted to track the language of the TRO issued by the Nebraska Federal Court.

The Court has reviewed the affidavits of Mr. Ty Richmond, Mr. Justin Nagy, Mr. Oded Barlev, Mr. Mark Thornburg and Mr. Mike Weatherl. The Court has considered plaintiff's objection to the Thornburg and Weatherl Affidavits and to the extent they conflict with plaintiff's affidavits has generally accepted plaintiff's affidavits in determining whether temporary injunctive relief should be imposed.

The Court finds defendant Thornburg should not be prohibited from working at the JBS-Cactus facility. Although plaintiff filed this lawsuit on May 19, 2016, the AgTac takeover of JBS-Cactus was already underway and Thornburg had been terminated on May 17, 2016. Enjoining Thornburg from working at JBS-Cactus would not preserve his status quo, but would affirmatively reverse his employment with AgTac which began on May 18, 2016. (Weatherl Affidavit).

The Court also advised the parties that expedited discovery might be appropriate to better establish the facts that might be considered in regard to future proceedings and instructed counsel to confer regarding plaintiff's outstanding motion for expedited discovery.

For the reasons set out above and based upon the statements of the parties at the hearing, the undersigned recommends a TRO issue pending entry of a preliminary injunction if appropriate, or until further order of the Court.

IT IS SO RECOMMENDED.

ENTERED this 28th day of May 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. Considering the nature of relief sought and considering the Court's May 20, 2016 Order requiring

plaintiff to personally serve defendants with notice of the hearing as well as the allowance for objections prior to issuance of this Recommendation, the time to object is shortened. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is **on or before June 2, 2016.**

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).